IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LITEPANELS, LTD., VIDENDUM PRODUCTION SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GVM PHOTOGRAPHIC EQUIPMENT INC., <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 23-3599 (KMW-MJS) <br><br> **ORDER** |

**WILLIAMS, District Judge:**

This matter having been opened by Plaintiffs Litepanels, Ltd. and Videndum Production Solutions, Inc. (formerly known as Vitec Production Solutions, Inc.), who come before the Court for entry of default judgment against Defendant GVM Photographic Equipment, Inc. pursuant to Federal Rule of Civil Procedure 55(b)(2), (ECF No. 17); it appearing that Defendant has failed to plead or otherwise defend in this action; the Court having considered Plaintiffs' submissions; for the reasons set forth in the Opinion of even date; and for good cause shown:

IT IS this ___ day of July, 2024,

**ORDERED** that the Court **GRANTS** Plaintiffs' Motion for Default Judgment (ECF No. 17), entering a judgment against Defendant in the amount of $2,757,341.60; and further

**ORDERED** that the Defendant shall pay to Plaintiffs damages arising from the breach of contract in the amount of $2,397,551.73 in unpaid royalties, along with pre-judgment interest on the unpaid royalties at the prime rate at the time the royalties were due plus 2% equal to the amount of $333,496.30, costs incurred by Plaintiffs associated with the audit of records in the amount of

$25,888.57 incurred through May 10, 2024, costs in the amount of $405 for the filing of this action, and post judgment interest owed and further

**ORDERED** that Defendant is permanently enjoined from importing, marketing, offering for sale or lease, and selling or leasing any of the LED photographic lighting devices or other associated products practicing Plaintiff Litepanels' patents, (as defined and identified in the License Agreement), into the United States or otherwise causing such products to be exported to the United States; and further

**ORDERED** that within fourteen (14) days of this Order, Plaintiffs are to submit a Motion to Seal or Otherwise Restrict Public Access pursuant to Local Civil Rule 5.3(c)(3), and include a copy of the instant Opinion with all redactions Plaintiffs propose for public filing; and further

**ORDERED** that the Clerk of the Court file the instant Opinion under Temporary Seal pursuant to Local Civil Rule 5.3(c)(4), until such time as the Motion to Seal is decided. If Plaintiffs fail to file a Motion to Seal within the fourteen (14) days, the Clerk of the Court will unseal the instant Opinion pursuant to Local Civil Rule 5.3(c)(10).

At Camden, New Jersey

KAREN M. WILLIAMS, U.S.D.J.