**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LITEPANELS, LTD., VIDENDUM PRODUCTION SOLUTIONS, INC., | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | Civil Action No. 23-3599 (KMW-MJS) |
| v. | |
| GVM PHOTOGRAPHIC EQUIPMENT INC., | **OPINION** |
| Defendant. | |

APPEARANCES:

DANIELLA GORDON, ESQ.
MCCARTER & ENGLISH
1600 MARKET STREET, SUITE 3900
PHILADELPHIA, PA 19103

   *Counsel for Plaintiffs*

## I.     INTRODUCTION

Plaintiffs Litepanels, Ltd. and Videndum Production Solutions, Inc. (formerly known as Vitec Production Solutions, Inc.) (collectively, Plaintiffs), brings this action against GVM Photographic Equipment, Inc. (Defendant), alleging that Defendant breached the licensing agreement between them regarding a patent ("License Agreement").

This matter comes before the Court on Plaintiffs' Motion to Seal the Motion for Default Judgment, (ECF No. 21), and Plaintiffs' Motion to Seal the Court's Opinion filed on July 22, 2024 (ECF No. 30). For the reasons that follow, Plaintiffs' Motions to Seal are GRANTED. [1]

## II.     LEGAL STANDARD

Requests to seal are governed by New Jersey Local Civil Rule 5.3, which requires that a request to seal must be presented by motion, and that the motion papers must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2).

Although there is a well-established "common law public right of access to judicial proceedings and records," In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), "[a]n order to overcome this presumption of a public right of access, the movant must demonstrate that 'good cause' exists for the protection of the material at issue." *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

1994)). Specifically, the movant must prove that the information is confidential in nature and that allowing the general public to access the information will cause a specific and serious injury. *See Pansy*, 23 F.3d at 786. "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

## III.    DISCUSSION

The Court must review the pending motions against the four factors as promulgated in L. Civ. R. 5.3(c)(2).

First, Plaintiffs' submissions for each motion clearly describe the nature of the materials at issue, thus meeting the first prerequisite, noting that these documents, while necessary for the Court's review to resolve the Motion for Default Judgment, contain confidential information relating to Plaintiffs' business operations, such as licensing terms, intellectual property management, and pricing models. *See generally* Mot. Seal Mot. For Default Judgment, Decl. Daniella Gordon; Mot. Seal Opinion, Decl. Daniella Gordon.

Second, both motions assert the legitimate private and public interests which warrant the relief sought, such as to protect Plaintiffs' competitiveness in the LED lighting and photographic equipment market and to prevent the circumvention of patent protections in the marketplace. *Id*; *see also Sanofi-Aventis Deutschland Gmbh v. Glenmark Pharms. Inc., USA*, 821 F. Supp. 2d 681, 698 (D.N.J. 2011) ("[I]t is generally in the public interest to uphold patent rights. Courts have long acknowledged the importance of the patent system in encouraging innovation.") (internal citations and quotations omitted).

Third, both motions assert the clearly defined and serious injury that would result if the relief sought is not granted, such as the impaired ability for Plaintiffs to protect their intellectual

3

property rights, negotiate with competitors and future licensees in the marketplace, and negatively impact Plaintiffs' product development processes, *id.*; and

Fourth, the Court agrees that there is no less restrictive alternative to filing the information requested under seal because the specific Exhibits requested are entirely comprised of sensitive information, such as Exhibit D, Plaintiffs' Expert Report for its Motion for Default Judgment, which entirely focuses on Plaintiffs' private licensing terms, royalty rates, and confidential sales data. Further, the Court has reviewed the excerpts of the Motion for Default Judgment and the Opinion of the Court that Plaintiff requests redactions be applied and agree that only the information that is commercially sensitive would be restricted from public view and would not impede the public from understanding the legal issues, factual circumstances, and the issues of dispute in the instant case. *Id.* The Court also finds that there is "good cause" to protect such sensitive information from disclosure. *See Securimetrics, Inc.*, 2006 WL 827889, at *2; *Pansy*, 23 F.3d at 786. The fourth prerequisite is met, and thus both Motions to Seal are granted in their entirety.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motions to Seal (ECF Nos. 21, 30), are **GRANTED**. An order consistent with this Opinion will be entered.

November ___, 2024

KAREN M. WILLIAMS, U.S.D.J.

4