

**SACK** IP Law p.c.

**Alan M. Sack**

| | |
|---|---|
| **445 Park Avenue** | **6800 Jericho Tpk.** |
| **9th Floor** | **Suite 120W** |
| **NY, NY 10022** | **Syosset, NY 11791** |

 **(516) 393-5960** - LI
 **(212) 500-1310** - NYC
Email: Alan.Sack@SACK-IP.com

February 8, 2025

**Filed *via* ECF**

Honorable Karen M. Williams, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

**Re:** *Litepanels Ltd., et al. v. GVM Photographic Equipment, Inc.*
  1:23-cv-03599-KMW-MJS
   **Letter Requesting Entry of a CONFIDENTIALITY ORDER**

Dear Hon. Judge Williams:

My firm represents Jian Chang Technology Inc. (a Pennsylvania Corporation) (referred to as "JCT"), and its parent company 惠州市拉图影视器材有限公司 (A China Limited Company), translated into English as, Huizhou LATU Film Equipment Co., Ltd. (referred to as "LATU") (Collectively "JCT/LATU"), which are not parties to this Civil Action.

Pursuant to the motion filed by Plaintiffs entitled: "Motion to Compel and for Sanctions" (Doc. 33), Plaintiffs served a Subpoena for documents on a non-party to this Action, B&H Foto & Electronics Corp. ("B&H") A copy of the Subpoena is attached as Exhibit A to Plaintiffs' Motion.

The Subpoena implicates the interests of JCT/LATU because it seeks documents containing JCT/LATU's confidential documents and information.

I negotiated an agreement with Plaintiff's Counsel to maintain the requested documents in confidence, until Plaintiffs, B&H and JCT/LATU can reach agreement on, or the Court issues a suitable Confidentiality Order to protect B&H and our Clients' confidential documents and communications. A copy of the agreed Letter from Litepanels Counsel dated January 10, 2025 is attached as Exhibit 1.

February 8, 2025

Honorable Karen M. Williams, U.S.D.J.
United States District Court for the District of New Jersey

---

Based on Plaintiffs' agreement to maintain the confidentiality of the requested documents, on January 10, 2025, B&H produced the requested documents in response to the subpoena issued by Plaintiffs. As noted above, the responsive documents produced by B&H contain confidential documents and communications of B&H and JCT/LATU.

I prepared a proposed Confidentiality Order that maintained all of the provisions of the Court's approved Confidentiality Order that is provided in Appendix S of the District of New Jersey Local Civil Rules. The only changes I made were to the opening and closing paragraphs to identify the purpose of the Confidentiality Order, the companies seeking protection of their Confidential documents and communications, which the proposed Confidentiality Order is intended to protect. I provided the proposed Confidentiality Order to Plaintiffs' Counsel as a Stipulated Agreement and Order on January 20, 2024. A copy of my email with the proposed Confidentiality Order is attached as Exhibit 2.

Plaintiffs' Counsel responded by email on January 21, 2025, and refused to agree to the terms of the proposed Confidentiality Order. In response, on January 21, 2025, I asked Plaintiffs' Counsel for an immediate "meet and confer" to try and resolve the issues. We spoke on January 22, 2025, and he agreed to provide a redlined version of the Confidentiality Order. He provided a redlined proposed Confidentiality Order by email on February 3, 2025. A copy of the version proposed by Plaintiffs Counsel, showing his redlined revisions is attached as Exhibit 3.

The version proposed by Plaintiffs' counsel is unacceptable because it eviscerates the terms of the Court's recommended Confidentiality Order. The Plaintiffs' version would place a much greater burden on the party seeking to protect Confidential or Highly Confidential documents and information. As we were not able to reach an amicable agreement on the terms of a Confidentiality Order, I request that the Honorable Court enter the proposed Confidentiality Order attached as Exhibit 4A to protect the confidential status of JCT's, LATU's and B&H's documents. Also attached as Exhibit 4B is a blacklined version of the Confidentiality Order I propose so that the Court can see the changes from the specimen provided in Appendix S of the Local Civil Rules. Because the Confidentiality Order I propose closely tracks the specimen approved by the Court, in contrast to Plaintiffs' proposed version, I request that the Court enter the Confidentiality Order that I have proposed.

The Confidentiality Order I propose is necessary to protect JCT's and LATU's confidential communications, business documents and information from disclosure to their direct competitors, as well as to the public. In particular, Plaintiff, Litepanels Ltd., directly competes with JCT/LATU in the US for the sale of photographic and video equipment manufactured by LATU and distributed in the US by its wholly owned subsidiary JCT, under LATU's Registered Trademark, "**GVM GREAT.VIDEO. MAKER®**." JCT/LATU sell such equipment on a wholesale basis to large photographic stores, like B&H, and other retailers. They also compete with Litepanels for retail customers in the US that purchase products from retailers, and online, *via* Amazon, eBay and other popular online marketplaces.

Accordingly, JCT and LATU would be irreparably harmed if their documents and communications, with one of their largest customers, including contracts with B&H and communications and documents regarding wholesale pricing, deliveries and returns are disclosed to the Officers and employees of their direct competitor, Plaintiff Litepanels, and to other retailers and to the purchasing public.

February 8, 2025

Honorable Karen M. Williams, U.S.D.J.
United States District Court for the District of New Jersey

_____

On information and belief, B&H would also be irreparably harmed if its communications and negotiations with its suppliers, JCT and LATU, were disclosed to a competing supplier, and to its other suppliers and customers.

Certification of Counsel:
I certify pursuant to Civil Rule 16.1 (f)(1) that I met and conferred with Litepanels' Counsel on at least 2 occasions, on January 9, 2025, and January 22, 2025, and was unable to reach agreement with Plaintiff's Counsel on the terms of a Confidentiality Order without the Court's intervention.

The undersigned is Lead Counsel for Nonparties *Jian Chang Technology Inc.* (a Pennsylvania Corporation), *and Huizhou LATU Film Equipment Co., Ltd. (A China Limited Company)*. I can be reached at 516.510.3061 (Direct Cell) or at our Office at: 516.393.5960. I am available for a telephone or video conference, or in person, as is convenient for the Court.

Respectfully Submitted,

**SACK** IP Law p.c.

*[signature]*

Alan M. Sack (AMS 8856)

*Counsel for Jian Chang Technology Inc.* (a Pennsylvania Corporation), *and Huizhou LATU Film Equipment Co., Ltd. (A China Limited Company)*

Copies: To Plaintiff's Counsel via ECF