

Phillip D. Berger *†
Matthew R. Kaufmann

*Of Counsel*
Michael S. Dinney

* Also member of New Jersey Bar
† Also member of Washington, D.C. Bar

919 Conestoga Road
Building 3, Suite 114
Bryn Mawr, PA 19010
Tel. 610-668-0800
www.BergerLawPC.com

Berger@BergerLawPC.com
610-668-0774

February 10, 2025

**VIA ECF**

Honorable Karen M. Williams, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

   Re: *Litepanels Ltd., et al. v. GVM Photographic Equipment, Inc.*
     Civil Action No. 1:23-cv-03599-KMW-MJS
     Letter Response to JCT/LATU's Request for Entry of Confidentiality Order

Dear Judge Williams:

  We represent Plaintiffs Litepanels Ltd. and Videndum Production Solutions Inc. We write in response to the February 8, 2025 letter from Alan M. Sack, Esq., purportedly on behalf of <u>non-parties</u> Jian Chang Technology Inc. ("JCT") and Huizhou LATU Film Equipment Co., Ltd. ("LATU"), requesting entry of his proposed confidentiality order. For the reasons set forth below, we respectfully submit that non-parties' counsel's request should be denied.

  If the Court were to find that a Confidentiality Order is actually required for the non-parties, we would request that the Court enter Plaintiffs' proposed confidentiality order, which properly balances protection of genuinely confidential information, and sets forth preceding to discourage the non-parties from just designating every subpoenaed document (many of which do not even relate to the non-parties) as being "confidential".

  The clean version of Plaintiffs' properly balanced confidentiality order is attached hereto as Exhibit "A".

  The non-parties' proposed Confidentiality Order should be denied, and Plaintiffs' proprosed Confidentiality Order should be entered (if this Court believes that a Confidentiality Order is even required) for the following reasons:

Case 1:23-cv-03599-KMW-MJS Document 39 Filed 02/10/25 Page 2 of 10 PageID: 750

February 10, 2025
Page 2

---

      First, JCT and LATU lack standing to even seek entry of a confidentiality order in this action. Neither entity has intervened pursuant to Fed. R. Civ. P. 24, nor has either entity even properly moved for such intervention. These entities mere status as third parties, whose documents (if any) may be produced in discovery does not confer standing to dictate the terms of a confidentiality order. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) (requiring that third parties must formally demonstrate a "clearly defined and serious injury" in order to challenge confidentiality orders). A party seeking to challenge or modify confidentiality must establish specific harm, not merely general claims of potential injury. *In re Avandia Mktg*., 924 F.3d 662, 672-73 (3d Cir. 2019).

      Second, JCT and LATU's proposed order is overly broad and would impose unnecessary burdens on the litigation process (for which they are not a party). Their claim that they are direct competitors of Plaintiffs is totally unsupported, and false, and appears to be asserted solely to justify their blanket confidentiality designations of all documents subpoenaed by Plaintiffs from B&H Foto & Electronics Corp. ("B&H") that they have advised is likely to occur. Under well-established Third Circuit precedent, good cause for a protective order requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986). The burden of justifying confidentiality remains <u>on the party seeking protection</u> (i.e., the non-parties to this action) for each document. *In re Avandia*, 924 F.3d at 671 (emphasis added). Importantly, "confidential business information is not entitled to the same level of protection from disclosure as trade secret information," and courts generally should not seal evidence of business practices absent extraordinary circumstances. *Id*. at 679; *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1074 (3d Cir. 1984).

      In this matter, neither JCT nor LATU are even parties to this action. Further, neither JCT nor LATU competes with Plaintiffs in the relevant market segments. Plaintiffs produce and sell expensive professional lighting and camera equipment pursuant to their patents, while the non-party entities produce and sell discount non-professional grade equipment (and in some instances may violate Plaintiffs' patents). Calling Defendants a competitor to Plaintiffs would be the same as calling a Yugo a competitor to a Rolls Royce.

      Third, the proposed order would grant JCT and LATU unfettered discretion to designate any document as "Confidential" or "Attorneys' Eyes Only", without requiring the good cause showing mandated by Fed. R. Civ. P. 26(c). This result runs contrary to the strong presumption of public access to judicial records in this Circuit. *See In re Avandia Mktg*., 924 F.3d at 672-73. Even if the initial sealing of documents was justified, courts must "closely examine whether circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail." *Id*. at 677. The Court must conduct a document-by-document review when considering confidentiality, and any claim of confidentiality must be supported by "specific examples or articulated reasoning" rather than broad allegations. *Id*.; *Cipollone*, 785 F.2d at 1121.

      Fourth, JCT and LATU lack authority to assert confidentiality claims over documents belonging to other third parties. The non-parties' proposed order improperly attempts to extend confidentiality protections to documents involving Defendant GVM Photographic Equipment, Inc.

February 10, 2025
Page 3

---

("GVM"). and other entities (such as B&H, the recipient of Plaintiffs' subpoena and the actual party which produced the requested documents) which entity is also not before this Court. The non-parties' overreach further demonstrates why formal intervention would be required before this Court could properly consider their proposed restrictions on the use of third-party materials provided, especially when the materials do not even provide information related to the non-parties.

Fifth, the procedures in JCT and LATU's proposed order would needlessly complicate discovery and increase costs. The non-parties' proposal would require court intervention for virtually any use of designated materials, even for legitimate litigation purposes. This result stands in sharp contrast to Plaintiffs' proposed order, which contains standard provisions for challenging confidentiality designations and using protected information in court proceedings. When a case involves issues important to the public, that fact weighs against granting confidentiality. *Pansy*, 23 F.3d at 788.

For the above reasons, we respectfully request that this Court deny JCT and LATU's request. Alternatively, we would request that the Court instead enter Plaintiffs' proposed confidentiality order.

Finally, this Honorable Court may wish to direct JCT and LATU to properly intervene before even considering the non-parties' demand for the entry and enforceability of any confidentiality order in this action.

Plaintiffs stand ready to further address any issues or questions that this Court may have regarding this matter.

Respectfully submitted,

*Phillip D. Berger*

PHILLIP D. BEERGER

CC: Alan M. Sack, Esq.
    Steve Harvey, Esq.
    Fred Fellmeth

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY (Camden)

| | |
|---|---|
| Litepanels, Ltd. et al.,<br>      Plaintiffs,<br><br>    v.<br><br>GVM Photographic Equipment Inc.,<br>      Defendant. | Civil Action No.: 1:23-cv-03599 KMW-MJS<br><br>**CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action might involve the disclosure of confidential information, including portions of documents produced in response to a subpoena by B&H Photo and Video Inc B&H Foto & Electronics Corp. ("B&H"), that might contain confidential documents and communications of B&H, Jian Cheng Technology Inc., and other non-parties, it is ORDERED as follows:

    1. Definitions and Scope.

        a. "CONFIDENTIAL" information means information that the designating party reasonably and in good faith believes contains or reflects trade secrets or other confidential research, development, or commercial information that would create a substantial risk of serious harm that could not be avoided by less restrictive means.

        b. "ATTORNEYS' EYES ONLY" designation shall be limited to extremely sensitive business information, trade secrets, or technical information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    2. Presumptively Non-Confidential Materials. The following categories of documents and information shall be presumptively non-confidential and shall not be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" absent a particularized showing of good cause and specific harm:

        a. Information that is publicly available or readily accessible;

        b. Information that has previously been disclosed to third parties without confidentiality obligations;

        c. Marketing materials, product brochures, or other materials prepared for public distribution;

        d. Communications with customers that do not contain proprietary information;

        e. General sales, revenue, or market share data more than 2 years old;

f. Information about discontinued products or obsolete technology;

g. Documents more than 5 years old unless specifically shown to retain competitive significance.

3. Designation Requirements.

a. The designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY constitutes a certification by the designating party that:

i. The designation is based on a good faith belief that the information requires protection;

ii. The designation is not made for an improper purpose (such as to hinder access to information or increase litigation costs);

iii. The harm from disclosure outweighs the public interest in access to court proceedings.

b. Blanket designations of entire documents or categories of information are prohibited. The designating party must identify with specificity the portions of documents that warrant protection.

c. If only a portion of a document warrants protection, only that portion shall be designated as confidential, and the remainder shall be produced without restriction.

4. Access to Confidential Material.

a. CONFIDENTIAL material may be disclosed to:

i. Outside counsel and their staff;

ii. In-house counsel;

iii. Party representatives who need access for litigation purposes;

iv. Experts and consultants retained for this litigation;

v. The Court and its personnel;

vi. Court reporters, videographers, and their staff;

vii. Graphics, translation, or design services retained by counsel;

viii. During depositions, witnesses who authored or previously received the information.

b. ATTORNEYS' EYES ONLY material may be disclosed only to those listed in sections (i), (iv), (v), (vi), and (vii) above, unless otherwise agreed by the parties or ordered by the Court.

5. Challenge Procedures.

a. A party may challenge a confidentiality designation at any time by providing written notice to the designating party.

b. The designating party must respond within 5 business days.

c. The parties must meet and confer within 5 business days of the response.

d. If the dispute cannot be resolved, the challenging party may seek relief from the Court.

e. The burden of persuasion shall be on the designating party to establish the propriety of the designation.

f. The designated material shall maintain its protected status until the Court rules on the challenge.

6. Filing Under Seal.

a. Prior to filing any designated material under seal, the filing party shall:

i. Consult with the designating party to determine if filing under seal is necessary;

ii. Consider whether redaction would eliminate the need for sealing;

iii. File under seal only those portions of documents that actually contain confidential information.

b. Where possible, parties shall file public versions of documents with confidential information redacted.

c. Any motion to seal must specifically justify the sealing of each document or portion thereof.

7. Deposition Procedures.

a. Deposition testimony may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY only where specifically necessary to protect confidential information.

b. Blanket designations of entire depositions are prohibited.

c. The designating party must identify specific portions of the transcript warranting protection within 14 days of receiving the transcript.

d. Until expiration of the 14-day period, the entire transcript shall be treated as ATTORNEYS' EYES ONLY.

3

8. Duration.

a. All confidentiality designations automatically expire three years after the conclusion of this litigation, including appeals.

b. A designating party may move to extend protection for specific materials by showing good cause before the expiration.

9. Inadvertent Production.

a. Inadvertent production of confidential information without designation does not waive the right to designate.

b. The producing party must notify all recipients promptly upon discovery.

c. The receiving party must promptly return, sequester, or destroy the specified information until the designation issue is resolved.

10. Use of Confidential Material.

a. Confidential material shall be used solely for this litigation.

b. Filing restrictions shall not apply to:

i. Information filed in other courts or administrative proceedings;

ii. Information that has become public through no fault of the receiving party;

iii. Information lawfully obtained from other sources.

11. Modification.

This Order may be modified by:

a. Written agreement of the parties approved by the Court;

b. Motion by any party showing good cause;

c. The Court sua sponte after notice and opportunity to be heard.

12. Production by Non-Parties.

a. The terms of this Order are binding on all non-parties who produce discovery in this litigation.

b. Non-parties may challenge confidentiality designations following the procedures in Paragraph 5.

4

13. Survival and Return of Confidential Material.

    a. This Order shall survive termination of this litigation.

    b. Within 60 days after final termination, each party must:

        i. Return or destroy all confidential material;

        ii. Certify compliance in writing;

        iii. Outside counsel may retain copies for archival purposes only.

IT IS SO ORDERED.

    Dated: _____, 2025


_____
United States Magistrate Judge

5

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Litepanels, Ltd. et al.,<br>   Plaintiffs,<br><br>  v.<br><br>GVM Photographic Equipment Inc.,<br>   Defendant. | Civil Action No.: 1:23-cv-03599   KMW-MJS<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

  1. My address is _____.

  2. My present employer is _____ and the address of my present employment is _____.

  3. My present occupation or job description is _____.

  4. I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

  5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

  6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

  7. No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____[Name]